ARTHUR J. BEAN *vs.* SELECTMEN OF SCITUATE.

Suffolk.    March 9, 1926. — June 30, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Jurisdiction,* To enjoin trespass.

A decree dismissing a bill in equity against members of a board of selectmen, in which the plaintiff alleged that the defendants had entered upon his land and had torn down a fence without right and had threatened that, if he erected another fence at the end of a certain street, they would destroy it, was affirmed where it appeared that the plaintiff disclaimed any damages for the destruction of the fence and a judge who heard the suit found without a report of the evidence that he "was not satisfied" that the selectmen had attempted or threatened to interfere with the exercise of any legal right to erect a fence which the plaintiff might possess.

BILL IN EQUITY, filed in the Superior Court on September 1, 1925, to enjoin the defendants from molesting, destroying, removing or in any way interfering with any fence which the plaintiff might erect to prevent the public passing from Marshfield Avenue to the beach between high and low water mark on Humarock Beach in Scituate.

The suit was heard by *McLaughlin,* J. The evidence was not reported. Among other facts found by the judge were the following: "The plaintiff built his fence about eighty feet above the line of high water mark . . . and it extended across the way from the northerly to the southerly boundary at the street opening of the sea wall, thus shutting off travellers from proceeding lawfully within the limits of the way in an easterly direction for a distance of about eighty feet. As soon as the fence was in place, the defendants, who are the selectmen of the town of Scituate, removed it, and I find and rule that they did this rightfully and in pursuance of their duty. The plaintiff does not now contend that as erected it was not an illegal obstruction in the way, but intends, as he testified, to build one at high water mark where the public way ends and, as I understood his counsel, to enclose the space bounded on the east at high water mark by the easterly terminus or boundary of Marshfield Avenue, on the north by the southerly line of his property from high water mark to his upland, and on the southerly side of the avenue from high water mark to Jackson's upland. Jackson, whose property is on the opposite corner from the plaintiff's assents to what the plaintiff has done and to what he purposes to do.

"When the selectmen were engaged in the act of removing the fence, they expressed their belief that Marshfield Avenue extended to low water mark, and their intention to remove any fence which the plaintiff might build across the boundaries of the way, meaning, as I assume, between the upland and low water mark, and the plaintiff asks that they be restrained from thus interfering.

"The easterly terminus or boundary of Marshfield Avenue is at high water mark and high water mark is the easterly terminus or boundary of the plaintiff's land, including his fee in the way. It is difficult to see how he can build along the easterly terminus or boundary of the road a fence, no part of which is either west of this terminus or east of it, the land east of it being between high water mark and low water mark and belonging to other owners, and the land west of it being included in the way. But if this is possible, it does

not seem to me that the plaintiff can interfere with the rights granted to the public by the colonial ordinance of 1647 to use the space between high and low water mark for the distance of one hundred rods from high water mark to low water mark. It was said at the hearing that a gate would be placed in the fence, the key to which would be kept in the plaintiff's house for the use of those persons who might wish to exercise their rights under the ordinance; but, at least, without the assent of the division of water ways and public lands of the department of public works (G. L. c. 91), it would seem that such an obstruction would be illegal. The expressed intention of the selectmen to remove any fence which the plaintiff might build cannot fairly be construed to include any fence which might be built with the approval of said division.

"I am not satisfied, therefore, that the selectmen have attempted or threatened to interfere with the exercise of any legal right to erect a fence which the plaintiff may possess."

A final decree was entered dismissing the bill. The plaintiff appealed.

*J. G. Bryer,* for the plaintiff, submitted a brief.

*F. Ranney,* for the defendants.

BRALEY, J. The trial judge found that the allegations in the first, second, third, fourth and sixth paragraphs of the bill as amended were true. It thus appears that the plaintiff, who owns a parcel of land in the town of Scituate, with the buildings thereon, bounded on the north by Marshfield Avenue, to the center of which he owns the fee, and on the east by Humarock Beach, has been annoyed in common with other summer residents by a large number of persons obtaining access to the beach by using the way, and trespassing upon his land, and whose conduct while on the shore creates a nuisance. The avenue was laid out by the county commissioners in July, 1890, and extended in a general direction "to the sea." The plaintiff built a fence across the avenue excluding travellers from passing in an easterly direction within the limits of the way for a distance of about eighty feet, and it is alleged in the sixth paragraph of the bill that the defendants entered upon the plaintiff's land without

right, and "destroyed said fence and burned the wood of which it was composed," and stated, that, if the plaintiff erected another fence at the end of the avenue, they would destroy it. The plaintiff, however, disclaimed at the trial any damages for the destruction of the fence, and in so far as injunctive relief is asked because of the plaintiff's fear of similar acts in the future, the finding, that the defendants have not threatened to interfere with the exercise of any legal rights of the plaintiff which he may possess, not being plainly wrong, is decisive. It is unnecessary to decide the other questions. The decree dismissing the bill is affirmed with costs.

*Ordered accordingly.*